## UNITED STATES v. JOHN J. FULTON CO.

Circuit Court of Appeals, Ninth Circuit. July 1, 1929.

No. 5709.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash., and John F. Moore, Atty. U. S. Dept. of Agriculture, Washington, D. C.

A. P. Black, of San Francisco, Cal. (Howe & Graham, of Seattle, Wash., of counsel), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Appellant filed a libel of information against 48 bottles of an article of drugs labeled in part "Fulton's Compound RX 1," and 24 bottles of another article of drugs labeled in part "Fulton's Compound RX 2," which it alleges were shipped in interstate commerce from San Francisco to Seattle, and which it charges were misbranded, in violation of paragraph 3 of section 8 of the Food and Drugs Act, as amended (21 USCA § 10). By that provision it is declared that an article of drugs shall be deemed to be misbranded, "if its package or label shall bear or contain any statement, design, or device regarding the curative or therapeutic effect of such article or any of the ingredients or substances contained therein, which is false and fraudulent." In the libel are exhibited the labels, wrappers, and attending circulars, followed with the averment that the bottles were so

misbranded, in that the labels, wrappers, and circulars "are false and fraudulent, since the articles contain no ingredient or combination of ingredients capable of producing the effect claimed." Sustaining an exception to the libel upon the ground that it failed to state sufficient facts to constitute a cause of action, the court below entered a judgment dismissing it, and libelant appeals.

The point of the exception is that nowhere in the label, wrapper, or attending circular does the proprietor or shipper make any direct statement or representation that the drugs are of curative or therapeutic value. In each case there is the statement, "We have received many letters from physicians reporting," followed by what is represented to be the substance of such "reports," which admittedly would tend to engender a belief in persons suffering from diabetes or Bright's disease that the use of the drugs would likely afford them relief. Unless we discredit their mental competency, such, we must presume, was the intent and expectation of the proprietors. Their contention is that they have such letters or reports, and that that fact constitutes a complete defense, whatever may be the character of the drugs.

But if, as is alleged, the drugs are worthless, the proprietors cannot escape responsibility by hiding behind the phrase "the doctors say." Couched in such language undoubtedly the printed matter makes a more persuasive appeal to the credulity of sufferers from these diseases than if the representations thus implied were made directly upon the authority alone of the proprietors, and for that reason they are not less, but more, obnoxious to the law. The charge is that they are not only false, but fraudulent, thus implying bad faith on the part of the appellee, and, of course, we are presently concerned only with the sufficiency of the charge, and not at all with the character or degree of proof required to substantiate it. The point does not require extensive review of the decided cases, for conclusive, we think, is the principle of construction set forth in the following quotation from the opinion of the Supreme Court in United States v. 95 Barrels of Vinegar, 265 U. S. 438, 44 S. Ct. 529, 68 L. Ed. 1094:

"The statute is plain and direct. Its comprehensive terms condemn every statement, design and device which may mislead or deceive. Deception may result from the use of statements not technically false or which may be literally true. The aim of the statute is to prevent that resulting from indirection and ambiguity, as well as from statements which are false. It is not difficult to choose statements, designs and devices which will not deceive. Those which are ambiguous and liable to mislead should be read favorably to the accomplishment of the purpose of the act."

Reversed.